DEBRA SHOEMAKER                          CIVIL ACTION

VERSUS                                   NUMBER 05-302-BAJ-DLD

STATE FARM FIRE AND CASUALTY
COMPANY

<u>ORDER</u>

This matter is before the court on defendant's motion to compel discovery (rec.doc. 82), which is opposed (rec.doc. 83), and motion for leave to take second deposition. (rec.doc. 85).[1]

*Background*

This lawsuit arises out of an April 16, 2004, fire at Shoemaker's residence, 9341 Angus Avenue, Zachary, Louisiana. The residence was insured by State Farm, and after State Farm denied coverage, Shoemaker filed suit in state court alleging that the home was damaged and/or destroyed by accidental fire and alleging her entitlement to a variety of damages. The suit was subsequently removed, and in its answer, State Farm pled arson as a defense and filed a counter-claim against Shoemaker pursuant to the assignment of a note and mortgage on the property as well as for other damages. According to State Farm, it also has paid the mortgage holder of the property over $80,000.00.

On June 28, 2007, the court stayed the proceedings pending resolution of any parallel criminal investigations and/or proceedings. (rec.doc. 70). The lawsuit subsequently was administratively terminated on August 15, 2008 (rec.doc. 74), and reopened by

---

[1]Pursuant to L.R. 7.4, any opposition to the motion for leave to take second deposition was due within 21 days of service, or approximately May 22, 2012. Plaintiff did not file her opposition until June 6, 2012.

December 1, 2011 (rec.doc. 76) at defendant's request. The court thereafter amended the original scheduling order of August 5, 2005, to include a discovery deadline of May 1, 2012. (rec.doc. 80)

### The Motions

On January 7, 2012, defendant noticed plaintiff's deposition for a mutually agreed date of April 5, 2012. Plaintiff's counsel appeared for the deposition, but plaintiff did not appear. (rec.doc. 82). Plaintiff's counsel represented to defendant that he "did not have contact with her [plaintiff] or any means to contact her." (rec.doc. 82-4) On April 16, 2012, defendant filed a motion to compel plaintiff's deposition. Plaintiff responded that she had been deposed "on two (2) separate occasions, both without leave of court," and additionally appeared and testified before a federal grand jury relating to the arson investigation. (rec.doc. 83) Plaintiff also stated that counsel never communicated or conferred regarding the deposition date, and plaintiff did not appear for her deposition "as she was under the impression that she had been deposed" already.

On May 1, 2012, defendant filed the motion for leave to take a second deposition of plaintiff, along with a reply brief filed in support of both motions. Defendant replied that plaintiff underwent a pre-suit examination pursuant to the insurance contract, but that she indeed was deposed in October, 2006, and thus leave was required to take a second deposition of plaintiff. The court therefore will deny the motion to compel.

With regard to the motion for leave to take a second deposition of plaintiff, defendant explained that plaintiff's counsel was advised that defendant was seeking to re-depose plaintiff to address new information, and plaintiff agreed to be deposed "on questions in completely new areas beyond those already deposed." (rec. doc. 83-3, rec.doc. 84-3)

Case 3:05-cv-00302-BAJ-DLD   Document 91   06/07/12   Page 2 of 3

Defendant does not detail what "new areas" would be addressed in another deposition, and instead attached more than 300 pages of deposition transcripts so that the court would have "some flavor of the issues that were discussed in those depositions." (rec.doc. 85-6) It is not the court's duty to peruse the deposition transcripts to determine for what purpose defendant requires another deposition of plaintiff. Nevertheless, given that almost six years have passed since plaintiff's original deposition, and plaintiff's agreement to be deposed on questions relating to "new areas," the court will grant defendant leave to take a second deposition of plaintiff, not to exceed 7 hours.

Accordingly,

**IT IS ORDERED** that the motion to compel is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to take second deposition of plaintiff is **GRANTED**. Plaintiff shall appear for one deposition, not to exceed 7 hours, within 30 days of this Order. Such deposition shall consist only of areas of inquiry which were not addressed in the first deposition.

Signed in Baton Rouge, Louisiana, on June 7, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

-3-